UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DEONTAE GORDON,

    Plaintiff,                                      Case No. 1:12-cv-295

v                                                    HON. JANET T. NEFF

UNKNOWN BENSON, et al.,

    Defendants.
_____/


**OPINION AND ORDER**

       Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging claims against several Defendants. In an Opinion and Order issued June 28, 2012, this Court dismissed claims against a number of the Defendants and allowed service of the remaining claims, including a retaliation claim against Defendants Haske and Hornkohl (Dkts 7-8). In a subsequently issued Memorandum Opinion and Order, this Court also reinstated Plaintiff's conspiracy-to-retaliate claim against Defendants Haske and Hornkohl (Dkt 21). Defendants Haske and Hornkohl filed a Motion for Summary Judgment (Dkt 68). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, Dkt 85), recommending that this Court deny Defendants' motion. The matter is presently before the Court on Defendants' two objections to the Report and Recommendation (Dkt 88). Plaintiff submitted a response to Defendants' objections to the Report and Recommendation (Dkt 97). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and

Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Defendants' first objection is that "the Report and Recommendation improperly ignored that the writing of a Class III misconduct ticket is not an adverse action for purposes of 1st Amendment retaliation as a matter of law" (Obj., Dkt 88 at 2). Defendants' argument is misplaced. As the Magistrate Judge pointed out, Plaintiff relies on the following actions by Defendant Hornkohl for unlawful retaliatory purposes: that Defendant Hornkohl (1) confiscated Plaintiff's law library pass, (2) threatened to charge Plaintiff with a major misconduct violation, and (3) forced Plaintiff to exit the law library (R&R, Dkt 85 at 15). Plaintiff relies on two actions by Defendant Haske for unlawful retaliatory purposes: that Defendant Haske (1) removed Plaintiff from his work detail, and (2) prepared a negative work evaluation concerning Plaintiff's work performance (*id.*). Plaintiff did not rely on the writing of a Class III misconduct ticket to support his retaliation claim against these two Defendants, and Defendants' argument therefore fails to demonstrate any error by the Magistrate Judge in her assessment of Plaintiff's retaliation claim against them.

In their second objection to the Report and Recommendation, Defendants argue that because the Magistrate Judge "failed to recognize that a minor Class III misconduct ticket is not an adverse action," the Magistrate Judge's recommendation on Defendants' claim of qualified immunity is "flawed" (Obj., Dkt 88 at 4). Based on this Court's analysis of Defendants' first objection, Defendants' second objection concomitantly fails.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 88) are DENIED and the Report and Recommendation (Dkt 85) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt 68) is DENIED for the reasons stated in the Report and Recommendation.


Dated: March  7 , 2014                              /s/ Janet T. Neff
                                                                JANET T. NEFF
                                                                United States District Judge