UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEONTAE GORDON,

       Plaintiff,                                  Hon. Janet T. Neff

v.                                             Case No. 1:12 CV 295

KRISTA BENSON, et al.,

       Defendants.

_____/

**REPORT AND RECOMMENDATION**

        This matter is before the Court on Plaintiff's Motion for Default Judgment. (Dkt. #124). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **granted in part and denied in part**.

**BACKGROUND**

        Plaintiff initiated this action on March 26, 2012, against several prison officials alleging violations of his rights under the First and Fourteenth Amendments. Plaintiff's claims have all been dismissed except for his First Amendment retaliation claims asserted against Defendant Little. Default has already been entered against Defendant Little and Plaintiff now moves for the entry of default judgment.

        On August 29, 2012, a Waiver of Service request was mailed to Defendant Little who executed the waiver on September 1, 2012. On January 3, 2013, a representative of the Michigan Department of Attorney General entered his appearance in this matter as counsel for Defendant Little.

On May 10, 2013, however, counsel moved to withdraw his representation of Defendant Little citing "an irremediable breakdown in the attorney client relationship which prevents the Michigan Attorney General from providing effective assistance of counsel."

On May 17, 2013, the Court granted counsel's motion to withdraw and ordered counsel to serve a copy of the Court's Order on Defendant Little. The Court further directed Defendant Little that she had "until June 24, 2013, to obtain substitute counsel and procure his or her appearance." Defendant Little was further informed that "[i]f substitute counsel. . .has not appeared in this matter by June 24, 2013, this matter will proceed with Defendant Little representing herself." Defendant Little did not secure representation and, furthermore, failed to participate in any way in this matter. On April 15, 2014, Defendant Little was ordered to show cause why default should not be entered against her. Defendant Little failed to respond to the Court's Order. Accordingly, on June 2, 2014, default was entered against Defendant Little. Plaintiff now moves for the entry of default judgment.

## **ANALYSIS**

Plaintiff claims that Defendant subjected him to unlawful retaliation in violation of his First Amendment rights. The elements of a First Amendment retaliation claim are well known: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in the protected conduct in question, and (3) there exists a causal connection between the protected conduct and the adverse action - in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)). Specifically, Plaintiff alleges the following in his verified complaint.

On November 10, 2011, Plaintiff submitted to Defendant Little a request to make copies of documents so that he could further pursue a grievance alleging that prison officials were fabricating documents so that certain inmates could be paid, pursuant to their prison jobs, for work which they did not perform. (Dkt. #1 at ¶¶ 82-83). Defendant Little confiscated, and refused to copy, a document titled "July 4 Payroll for Unit 4 Porters." (Dkt. #1 at ¶ 83). Instead, Little submitted the document to an Assistant Deputy Warden for inspection as possible contraband. (Dkt. #1, Exhibit W). Defendant Little informed Plaintiff that she "was not copying anything that could lead to the firing of staff." (Dkt. #1 at ¶ 84). Defendant Little refused to copy the document in question to deter Plaintiff from pursuing the matter. (Dkt. #1 at ¶ 83).

On December 1, 2011, Plaintiff asked Defendant Little to make copies of legal documents in connection with the appeal of his criminal conviction. (Dkt. #1 at ¶¶ 90-93). Defendant Little responded to Plaintiff's request by stating, "Last time I made copies for you I had to confiscate them because the documents could have gotten Benson and Haske fired. I'm not making copies for you anymore." (Dkt. #1 at ¶ 91). Plaintiff exited the library and went to the control center to report the situation. Later that evening, Plaintiff spoke with Deputy Warden Ball and ADW Sharp who indicated they would look into the matter. Plaintiff alleges that Defendant Little refused to copy the documents in question for unlawful retaliatory reasons. (Dkt. #1 at ¶ 150).

The following day, Defendant Little requested that Plaintiff be placed on a 30-day law library restriction. (Dkt. #1 at ¶ 97). Defendant Little supported this request with the false assertion that Plaintiff, on a prior visit to the law library, "left the law library without staff authorization." (Dkt. #1 at ¶ 98). Defendant Little also removed Plaintiff from his then scheduled law library call-outs. (Dkt.

#1 at ¶ 97). Defendant Little took these actions in retaliation for Plaintiff "petitioning her supervisors. . .regarding her refusal to make Plaintiff's legal copies for [his] criminal appeal." (Dkt. #1 at ¶ 99).

On December 14, 2011, Plaintiff was permitted to go to the law library to obtain copies necessary for the pursuit of his criminal appeal. (Dkt. #1 at ¶¶ 110-12). When Plaintiff arrived at the library, he "informed Defendant Little that he was there for legal copies." (Dkt. #1 at ¶ 113). Defendant Little refused Plaintiff's request for copies, stating "you don't have nothing coming." (Dkt. #1 at ¶ 113). Defendant Little refused Plaintiff's request for unlawful retaliatory reasons. (Dkt. #1 at ¶ 150). Plaintiff continued to pursue the matter, however, and on December 17, 2011, Defendant Little provided Plaintiff with the copies he needed to pursue his criminal appeal. (Dkt. #1 at ¶¶ 115-24).

Federal Rule of Civil Procedure 55(b) provides as follows:

(b) Entering a Default Judgment.

> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
>> (A) conduct an accounting;
>>
>> (B) determine the amount of damages;
>>
>> (C) establish the truth of any allegation by evidence; or

>> (D) investigate any other matter.

Because Plaintiff is not seeking a sum certain or an amount that can be made certain by computation, this matter is governed by Rule 55(b)(2). Rule 55 does not, however, articulate a standard by which motions for default judgment are to be evaluated. Rather, the Court is required to exercise "sound judicial discretion" in determining whether judgment should be entered. *See*, *e.g.*, *Commodity Futures Trading Commission v. Aurifex Commodities Research Co.*, 2008 WL 474227 at *1 (W.D. Mich., Feb. 15, 2008) (citing Wright, Miller & Kane Federal Practice and Procedure: Civil 3d § 2685). Moreover, this "element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right." *Hitachi Medical Systems America, Inc. v. Lubbock Open MRI, Inc.*, 2010 WL 1655536 at *1 (N.D. Ohio, Apr. 22, 2010) (quoting Wright, Miller & Kane Federal Practice and Procedure: Civil 3d § 2685).

Some of the factors relevant to determining whether default judgment is appropriate include: (1) whether the plaintiff has been prejudiced; (2) the merit's of the plaintiff's claim; (3) the amount sought in damages; (4) whether there exists the possibility of a dispute concerning material facts; and (5) whether the default was due to excusable neglect. *See*, *e.g.*, *Canal v. Dann*, 2010 WL 3491136 at *3 (N.D. Cal., Sept. 2, 2010). The Court must also recognize that "[t]rials on the merits are favored in the federal courts" and "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *Rhinehart v. Scutt*, 2010 WL 3701788 at *8 (E.D. Mich., Aug. 16, 2010).

In light of the relevant facts and circumstances, the Court finds that default judgment is appropriate in this matter. Defendant Little has been given every opportunity to defend the claims against her. She has refused, however, to participate in this matter in any way, going so far as to completely ignore an Order from this Court that she participate. The assertions in Plaintiff's verified

complaint are sufficient to establish that Defendant Little engaged in unlawful retaliation. Thus, the question becomes determining the relief to which Plaintiff is entitled.

While liability can be established by the assertions in Plaintiff's verified complaint, Plaintiff must introduce evidence sufficient to establish his damages "with reasonable certainty." *See*, *e.g.*, *City of Dayton v. Contractors Bonding and Ins. Co.*, 2014 WL 5018905 at *1 (S.D. Ohio, Oct. 7, 2014); *Fifth Third Bank v. Canfield*, 2014 WL 3853464 at *2 (W.D. Ky., Aug. 5, 2014). In his motion for default judgment, Plaintiff requests: (1) $20,000 in compensatory damages; (2) $10,000 in punitive damages; (3) $800 in fees and costs; and (4) an order exempting any damages award from application of the State Correctional Facility Reimbursement Act.

### A. Compensatory Damages

Plaintiff argues that he is entitled to compensatory damages, in the amount of $20,000, as a result of "mental anguish" he suffered as a result of Defendant Little's actions. Plaintiff's request fails for at least two reasons. First, Plaintiff cannot recover for "mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *see also*, *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010). While the physical injury "need not be significant, it must be more than *de minimis*." *Flanory*, 604 F.3d at 254. Plaintiff has failed to present evidence that he experienced, as a result of Defendant Little's actions, any physical injury.

Second, putting aside Plaintiff's failure to demonstrate physical injury, Plaintiff has also failed to demonstrate that he suffered any actual loss or injury for which compensatory damages are appropriate. *See Arnold v. Wilder*, 657 F.3d 353, 369 (6th Cir. 2011) ("compensatory damages are intended to redress the concrete loss that the plaintiff suffered by reason of the defendant's wrongful

conduct"); *Grace v. City of Detroit*, 216 Fed. Appx. 485, 492 (6th Cir., Jan. 31, 2007) ("compensation for actual injuries suffered is the basis for compensatory damages under § 1983"). Accordingly, the undersigned recommends that Plaintiff be awarded one dollar in nominal damages. *See, e.g., Grace*, 216 Fed. Appx. at 492 ("without actual injury, nominal damages may be awarded").

        B.     Punitive Damages

Plaintiff next asserts that he is entitled to $10,000 in punitive damages on the ground that Defendant Little acted "maliciously with intent to injure." Punitive damages "are designed to punish and deter, not to compensate." *Freudeman v. Landing of Canton*, 702 F.3d 318, 330 (6th Cir. 2012). Punitive damages are appropriate "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Mengelkamp v. Lake Metropolitan Housing Authority*, 549 Fed. Appx. 323, 334 (6th Cir., Nov. 4, 2013). Any punitive damage award must, however, comply with due process which prohibits "excessive" punitive damage awards. *See BMW of North America, Inc. v. Gore*, 517 U.S. 559, 562 (1996). When assessing the amount to award in punitive damages, the Court should consider the following factors: (1) the degree of reprehensibility of the defendant's conduct; (2) the disparity between the actual harm suffered and the punitive damage award; and (3) the difference between the punitive damage award and the civil penalties authorized or imposed in comparable cases. *Id.* at 574-75.

The degree of reprehensibility of the defendant's conduct is the "most important" of these factors. *See State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003). When assessing this factor, the Court must consider several factors including: (a) did the plaintiff suffer physical or non-physical harm; (b) did the defendant's conduct evince a reckless disregard to the health

or safety of others; (c) was the defendant's conduct isolated or repeated; and (d) was the defendant's conduct accidental or the product of malice, trickery, or deceit. *Id.*

With respect to the second factor, the disparity between actual harm suffered and punitive damages awarded, the Supreme Court has indicated that while there does not exist a "bright-line ratio which a punitive damages award cannot exceed. . .few awards exceeding a single-digit ratio between punitive and compensatory damages. . .will satisfy due process." *State Farm*, 538 U.S. at 424-25. It has been recognized, however, that this ratio inquiry has only "limited relevance" where the plaintiff is awarded only nominal compensatory damages. *See Arnold*, 657 F.3d at 370. Finally, the third factor, regarding civil penalties imposed in comparable cases, is not applicable in this matter.

Considering these factors, the Court finds that the amount requested by Plaintiff in punitive damages is excessive. Defendant did not subject Plaintiff to physical harm nor did her conduct threaten the health or safety of others. While Plaintiff experienced difficulty obtaining the copies he sought to obtain, he concedes that he received his requested copies in reasonably timely fashion. Moreover, Plaintiff has not established that his criminal appeal or any other non-frivolous civil matter was prejudiced as a result of Defendant's conduct. The Court recognizes, however, that Defendant's conduct was neither isolated nor accidental. Accordingly, the undersigned recommends that Plaintiff be awarded one-thousand dollars in punitive damages. *See, e.g., McKinney v. Steele*, 2014 WL 1875036 at *2-5 (W.D. Mich., May 8, 2014) (on motion for default judgment in case involving allegations of non-physical retaliation, prisoner was awarded $1,050 in punitive damages).

C.     Fees and Costs

Plaintiff requests $800 in fees and costs, but has failed to describe or articulate any fees or costs he has reasonably incurred in this matter. An award of litigation costs is governed by 28 U.S.C. § 1920 and costs can only be awarded for matters specifically identified therein. By failing to submit a proper bill of costs, Plaintiff has not complied with § 1920. Accordingly, the undersigned recommends that Plaintiff's request for fees and costs be denied without prejudice. This recommendation does not, however, preclude Plaintiff from submitting an appropriate motion and bill of costs within 28 days from the entry of judgment. *See* W.D. Mich. L.Civ.R. 54.1.

D.     State Correctional Facility Reimbursement Act (SCFRA)

Finally, Plaintiff requests that the Court order that any damage award be exempt from the SCFRA which authorizes the state to seek reimbursement, in certain circumstances, for expenses incurred by the state for the cost and care of a prisoner. *See, e.g., State Treasurer v. Pontius*, 2013 WL 951375 at *1 (Mich. Ct. App., Feb. 21, 2013). The relevant statutory provision provides that actions to obtain reimbursement under the SCFRA must be initiated by the Attorney General in the appropriate county circuit court. Mich. Comp. Laws § 800.404. Once a complaint for reimbursement is filed, the circuit court must issue an order to show cause why the petition should not be granted. *Id.*

This provision highlights two reasons why Plaintiff's request must be denied. First, there is no indication that the Attorney General has sought to obtain reimbursement from Plaintiff under the SCFRA. Thus, the issue is not ripe for adjudication. Furthermore, even were the matter ripe for adjudication, the Court finds that issues of comity require that matters under the SCFRA be resolved by the appropriate state court as provided for under Michigan law.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Default Judgment, (Dkt. #124), be **granted in part and denied in part**. Specifically, the undersigned recommends that default judgment be entered against Defendant Little on Plaintiff's First Amendment retaliation claims. The undersigned further recommends that Plaintiff be awarded one dollar in nominal damages and one-thousand dollars in punitive damages, but that his motion otherwise be denied as described herein.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 24, 2014  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge